# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2022

Lyle W. Cayce
Clerk

No. 21-60600
Summary Calendar

Jose Ramon Ramirez-Orellana,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 893 645

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Jose Ramon Ramirez-Orellana, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) concluding that he was ineligible for withholding of removal and relief under

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60600

the Convention Against Torture (CAT). We review his arguments under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The BIA found that Ramirez-Orellana was not entitled to withholding of removal because he had not shown that the Honduran government would be unable or unwilling to protect him against the human trafficking gang that had threatened his life. Ramirez-Orellana points to his credible testimony and to documentary evidence showing that the Honduran government and police contain corrupts elements and are ineffectual at stopping organized criminal activities. He has not shown that substantial evidence compels a conclusion contrary to that of the BIA, especially given the evidence that his family failed to report the threats made against him to the Honduran government and the evidence that the government was taking steps to combat official corruption and gang violence. *See Sanchez-Amador v. Garland*, 30 F.4th 529, 534 (5th Cir. 2022); *Tabora Gutierrez v. Garland*, 12 F.4th 496, 500 (5th Cir. 2021).

Ramirez-Orellana also challenges the BIA's ruling that he did not warrant CAT relief because he failed to show that the government would consent to or acquiesce in his torture. His speculation that the Honduran government will fail to protect him does not establish the willful blindness that would satisfy the CAT standard. *See Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014). He has failed to show that the record compels a conclusion that it is more likely than not that the government would consent to or acquiesce in his torture if returned. *See Garcia*, 756 F.3d at 892; 8 C.F.R. § 1208.16(c)(2); 8 C.F.R. § 1208.18(a)(1).

Accordingly, Ramirez-Orellana's petition for review is DENIED.